IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TITAN RAIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-08664 |
| | ) | |
| INTER-RAIL TRANSPORT OF | ) | District Judge Maria Valdez |
| SAN BERNARDINO, LLC, | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

## MOTION FOR LEAVE TO INTERVENE

Now comes Intervenor, Iowa Pacific Holdings, LLC ("Iowa Pacific"), by and through its counsel, Lowis & Gellen LLP, and moves this court, pursuant to Federal Rule of Civil Procedure for leave to intervene in this action and further states as follows:

### BACKGROUND

1. On or about October 30, 2009, for good and valuable consideration, which included Fifth Third Ohio's agreement to extend additional credit to Titan, Titan executed a Substitute Term Note in the original principal amount of $4,523,606.16 in favor of Fifth Third Bank, an Ohio banking corporation, successor by merger with Fifth Third Bank, a Michigan banking corporation ("Fifth Third Ohio") which was secured by the security interest granted by the Loan Agreement described below (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit A.

2. On or about July 14, 2009, for good and valuable consideration, which included Fifth Third Bank (Chicago), a Michigan banking corporation's ("Fifth Third") agreement to extend credit to Titan, Titan and Fifth Third entered into a Second Amended and Restated Loan and Security Agreement (the "Second Loan and Security Agreement") which was subsequently modified and amended by that certain First Amendment to Second Amended and Restated Loan

and Security Agreement dated as of October 30, 2009, executed by Titan and Fifth Third Bank, an Ohio banking corporation, successor by merger with Fifth Third Bank, a Michigan banking corporation (together with the Second Loan and Security Agreement, the "Loan Agreement" and together with the Note, the "Debt Instruments"). True and correct copies of the Second Loan and Security Agreement and all subsequent modifications, amendments and restatements thereof are attached hereto as Group Exhibit B.

3. On or about October 12, 2012, for good and valuable consideration, Fifth Third Ohio executed an Assignment of Notes and Other Documents whereby it sold, transferred and assigned to Iowa Pacific all of the loan documents identified above, including the Debt Instruments. A true and correct copy of the Assignment of Notes and Other Documents is attached hereto as Exhibit C. Accordingly, Iowa Pacific is the owner and holder of the instruments at issue herein, including the Debt Instruments.

4. The Loan Agreement provides that failure of Titan to pay the Note when due constitutes a default, and that upon default Iowa Pacific has the right to repossess the Collateral (as defined in the Loan Agreement).

5. Titan defaulted under the terms of the Debt Instruments by failing to make the required final payment due upon maturity on June 1, 2011.

6. Under the terms of the Loan Agreement, defendants granted a security interest in, among other things, all of its Rolling Stock, including those locomotives at issue and subject to the Settlement Agreement and Mutual Release herein (the "Settlement Agreement"), the TANX 792 and TANX 2022 (the "Locomotives") to secure payment in the amount of $4,523,606.16, the amount due to Iowa Pacific on the Note. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit D.

7. The terms of the Settlement Agreement require that Titan remove the Locomotives from the BNSF San Bernardino Rail Yard (the "Yard") as soon as possible.

8. Because of the default, Iowa Pacific, as provided by 810 ILCS 5/9-609, became and is lawfully entitled to the possession of the Locomotives and Titan is no longer entitled to possession of the Locomotives. Iowa Pacific is currently exercising its rights to repossess all Collateral.

9. Accordingly, the enforcement of the Settlement Agreement herein, and accordant removal of the Locomotives by Titan, will impair Iowa Pacific's ability to protect its security interest and right to possession of the Locomotives because the interest of Iowa Pacific in the Locomotives is adverse to that of Titan.

10. Therefore, Iowa Pacific moves, pursuant to Federal Rule of Civil Procedure 24 to intervene in this action to protect its security interest in and right of possession to the Locomotives.

WHEREFORE, Intervenor, Iowa Pacific Holdings, LLC, respectfully requests that its Motion be granted, that the Court enter an order granting Intervenor leave to intervene in these citation proceedings, and for such further and additional relief as this Court deems just and appropriate.

Respectfully Submitted,
Iowa Pacific Holdings, LLC

By: ___/s Gerald Haberkorn___
One of its Attorneys

Gerald Haberkorn (6194904)
Meghann A. Salamasick (6300485)
LOWIS & GELLEN LLP
200 West Adams Street, Suite 1900
Chicago, Illinois 60606
(312) 364-2500